ROBERT E. MULCAHY, RELATOR, v. ALBERT E. PANCOAST,
JR., BUILDING INSPECTOR OF THE TOWNSHIP OF
MAPLEWOOD, ET AL., RESPONDENTS.

Decided November 13, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK
and LLOYD.

For the relator, *Jacob L. Newman*.

For the respondents, *Samuel D. Williams*.

PER CURIAM.

The relator in the present case applied to Pancoast,
building inspector of the township of Maplewood, for a permit
authorizing him to erect a duplex two-family house upon a
lot of land owned by him and located on the corner of Franklin
avenue and Prospect street, in that township. He also applied
for a permit authorizing him to put up a similar building
upon a lot at the corner of Franklin avenue and Princeton
street. The issuing of these permits was refused by the
building inspector upon the single ground that, by the zoning
ordinance of the municipality, only single-family residences
were permitted to be erected in the zone where these two lots
were located.

The contention of the relator is that the ordinance upon
which the inspector's refusal was based was invalid, for the
reason that its enforcement would deprive him of his prop-
erty without due process of law, as such enforcement would
not in anywise promote the common good of the community
or protect the public health, safety and general welfare; and
earlier decisions of our court are cited in support of that

contention. Since the promulgation of the cited opinions, however, and in September, 1927, the people of our state adopted an amendment to our constitution authorizing the legislature to enact general laws under which municipalities might adopt zoning ordinances limiting and restricting to specified districts and regulating therein buildings and structures accordng to their construction and the nature and extent of their use; and, in the exercise of that power, the legislature, on April 3d, 1928, enacted a statute authorizing municipalities to adopt ordinances of the character of that which is the subject of the present litigation and validating pre-existing ordinances of a similar character. Subsequent to the enactment of this statute, and in May, 1928, the case of *Koplin* v. *Village of South Orange, 6 N. J. Mis. R.* 489, was decided by this court. The case in its facts is practically identical with that now before us. The conclusion reached was that the peremptory writ of *mandamus* applied for should be denied, the basis upon which the decision was rested being that the effect of the zoning amendment of our constitution, supplemented by the statute of 1928, operated to validate the pre-existing zoning ordinance of South Orange then under consideration. The cited case is controlling upon this court, and the allowance of a peremptory writ of *mandamus,* therefore, will be denied.